UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

KATHERINE W. YOUNG,
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

ARS NATIONAL SERVICES, INC., and
LVNV FUNDING, LLC.

    Defendant.
_____/

## CLASS ACTION COMPLAINT
### JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and Defendant, ARS NATIONAL SERVICES, INC. placed telephone calls and sent letters into this District on behalf of Defendant, LVNV FUNDING, LLC.

### PARTIES

3.    Plaintiff, KATHERINE W. YOUNG, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, ARS NATIONAL SERVICES, INC., ("ARS") is a corporation and citizen of the State of California with its principal place of business at 201 West Grand Avenue, Escondido, California 92025.

5. Defendant, LVNV FUNDING, LLC ("LVNV"), is a Delaware limited liability company, and all of its members are citizens of the State of South Carolina, with its principle place of business at Suite 206, 200 Meeting Street, Charleston, South Carolina 29401.

6. Defendant, ARS, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant, LVNV, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant, ARS, regularly collects or attempts to collect debts for other parties.

9. Defendant, LVNV, is a "debt collector" as defined in the FDCPA.

10. Defendant, ARS, is a "debt collector" as defined in the FDCPA.

11. Defendant, ARS, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

12. Defendant, LVNV, authorized Defendant, ARS, to collect the alleged debt from Plaintiff by placing telephone calls and sending letters on its behalf to Plaintiff.

13. Defendant, ARS, sent letters and placed telephone calls to Plaintiff in an effort to collect the alleged debt on behalf of LVNV.

14. Defendant, LVNV, conveyed information to Plaintiff regarding the alleged debt through Defendant, ARS's telephone calls to Plaintiff.

15. By virtue of its status as a debt collector, LVNV, is vicariously liable to Plaintiff and the class for ARS's violations of the FDCPA. See *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. Pa. 2000); *McCorriston v. L.W.T., Inc.*, 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

## FACTUAL ALLEGATIONS

16. Defendant, ARS, on behalf of LVNV sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

17. Defendant, LVNV, purchased or otherwise obtained the alleged debt and was the owner of the alleged debt at the time ARS placed calls to Plaintiff.

18. Defendant, ARS, left the following messages on Plaintiff's residential voice mail on or about the dates stated:

> January 12, 2010 – Pre-Recorded Message
> Not Katherine Young, please press 2 now. Once again if this is Katherine Young please press 1 now. If this is not Katherine Young, please press 2 now. Hello the following is a message from ARS, it is very important that we speak to Katherine Young. This is not a telemarketing or sales call. Please have them call us toll free 1-800-976-0960 and the reference number

3

is 19051229. We need to be able to discuss this matter right away. Thank you. Good bye.

January 13, 2010 – Pre-Recorded Message
We speak to Katherine Young. This is not a telemarketing or sales call. Please have them call us toll free 1-800-976-0960 and the reference number is 19051229. We need to be able to discuss this matter right away, Thank you, Good bye.

January 27, 2010 – Pre-Recorded Message
Young, please press 2 now. Once again if this is Katherine Young, please press 1 now. If this is not Katherine Young please press 2 now. Hello the following is a message from ARS. It is very important that we speak to Katherine Young. This is not a telemarketing or sales call. Please have them call us toll free at 1-800-976-0960. The reference number is 19051229. We need to be able to discuss this matter right away. Thank you, Good bye.

February 18, 2010 – Pre-Recorded Message
Katherine Young, please press 2 now. Once again if this is Katherine Young, please press 1 now. If this is not Katherine Young please press 2 now. Hello the following is a message from ARS. It is very important that we speak to Katherine Young. This is not a telemarketing or sales call. Please have them call us toll free at 1-800-976-0960 and the reference number is 19051229. We need to be able to discuss this matter right away. Thank you, Good bye.

March 10, 2010 – Pre-Recorded Message
Katherine Young, please press 2 now. Once again if this is Katherine Young, please press 1 now. If this is not Katherine Young please press 2 now. Hello the following is a message from ARS. It is very important that we speak to Katherine Young. This is not a telemarketing or sales call. Please have them call us toll free at 1-800-976-0960, and the reference number is 19051229. We need to be able to discuss this matter right away. Thank you, Good bye.

March 11, 2010
Hi, this is Pat calling in reference to a file that I have here. The file number is 99339753. Give me a call back, my number is 1-800-900-1473, my extension is 5327. Thank you.

May 6, 2010 – Pre-Recorded Message

>Katherine Young, please press 2 now. Once again, if this is Katherine Young, please press 1 now. If this is not Katherine Young, please press 2 now. Hello, the follow is a message from ARS. It is very important that we speak to Katherine Young. This is not a telemarketing or sales call. Please have them call us toll free at 1-866-608-0400, the reference number is 19339758. We need to be able to discuss this matter right away. Thank you, good bye.
>
>May 27, 2010 – Pre-Recorded Message
>That we speak to Katherine Young. This is not a telemarketing or sales call. Please have them call us toll free at 1-800-976-0960 and the reference number is 1051229. We need to be able to discuss this matter right away. Thank you, good bye.
>
>August 29, 2010
>This message is for Katherine Young. This is Ms. Montifar. I need you to return this call today at 1-800-665-3149 at extension 5366. Please call us back your reference id number is 19339758. Once again this message is for, ah, Katherine, I need you to return this call before 12 noon today. Thank you and you have a nice weekend.

19.     Defendant, ARS, left similar or identical messages on other occasions. (Collectively, "the telephone messages").

20.     The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

21.     Defendant, ARS, failed to inform Plaintiff in the messages that the communication was from a debt collector, failed to disclose its name, failed to disclose the purpose of its messages, and create a false sense of urgency by stating "[w]e need to be able to discuss this matter right away," representing that the matter required immediate attention when it did not.

5

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

22.     Plaintiff incorporates Paragraphs 1 through 21.

23.     Defendant, ARS, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

24.     Plaintiff incorporates Paragraphs 1 through 21.

25.     Defendant, ARS, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (D. Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (D. Cal. 2005).

## COUNT III
## FALSE SENSE OF URGENCY

26.     Plaintiff incorporates Paragraphs 1 through 21.

6

27. By claiming the matter required immediate attention when it did not, Defendant created a false sense of urgency in violation of 15 U.S.C §1692e.

## CLASS ACTION ALLEGATIONS

28. Plaintiff incorporates the foregoing paragraphs.

29. This action is brought on behalf of a class defined as:

   a. all Florida residents for whom Defendant, ARS, left a telephone message in which it failed to disclose that the communication was from a debt collector, its name, the purpose of the call, and created a false sense of urgency,

   b. in an attempt to collect a debt incurred for personal, family, or household purposes,

   c. allegedly due LVNV Funding, LLC.,

   d. during the one-year period prior to the filing of the complaint in this matter through the date of class certification.

30. Plaintiff alleges on information and belief based on the use of uniform telephone messages that the class is so numerous that joinder of all members is impractical.

31. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

      a.      whether Defendant, ARS's, messages violate the FDCPA and

      b.      whether Defendants are debt collectors.

32. The claims of Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

33. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

34. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that Defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

35. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

      a.      The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

      b.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy

WHEREFORE, Plaintiff, KATHERINE W. YOUNG, requests that the Court enter judgment in favor of herself and the class and against Defendant ARS NATIONAL SERVICES, INC and LVNV FUNDING, LLC.

    a.    Certification of this matter to proceed as a class action;

    b.    Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

    c.    Attorney's fees, litigation expenses and costs of suit; and

    d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

>DONALD A. YARBROUGH, ESQ.
>Attorney for Plaintiff
>Post Office Box 11842
>Ft. Lauderdale, FL 33339
>Telephone: 954-537-2000
>Facsimile: 954-566-2235
>donyarbrough@mindspring.com
>
>By: s/ Donald A. Yarbrough
>    Donald A. Yarbrough, Esq.
>    Florida Bar No. 0158658